Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004250
10-MAR-2014
01:07 PM

NO. CAAP-13-0004250

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIS LOUIE, Plaintiff-Appellant,
v.
UNIVERSITY OF HAWAI'I AT MANOA and
JENNIFER CHANDLER, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2650-12-KKS)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that this court does not have jurisdiction over Plaintiff-Appellant Willis Louie's (Appellant Louie) appeal from the following two interlocutory orders by the Honorable Karl K. Sakamoto,

(1) the August 20, 2013 "Order Granting Defendant's Motion to set Aside Entry of Default Filed March 3, 2009," and

(2) the September 16, 2013 "Order Denying Motion to Reconsider Entry of Default,"

because the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013) authorizes appeals to the intermediate court of appeals

only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawaiʻi holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawaiʻi has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for appellate court case number CAAP-13-0004250 was filed on November 26, 2013, and the circuit court has not yet entered a separate judgment in this case. Absent a separate judgment, the two interlocutory orders are not eligible for appellate review.

Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the two interlocutory orders do not satisfy the requirements for appealability under the Forgay doctrine, the

collateral order doctrine, and HRS § 641-1(b).  See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).  Therefore, the two interlocutory orders are not appealable orders.  Absent an appealable separate judgment, Appellant Louie's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-13-0004250.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0004250 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 10, 2014.

Presiding Judge

Associate Judge

Associate Judge

3